## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

CHRISTOPHER ALAN BEATY                                    PLAINTIFF

V.                          CASE NO. 4:16-CV-836 SWW-BD

BRIANN LIMANDRI                                          DEFENDANT

## RECOMMENDED DISPOSITION

I.      **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge

Susan Webber Wright. You may file written objections to this Recommendation. If you

file objections, they must be specific and must include the factual or legal basis for your

objection. Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without

independently reviewing the record. By not objecting, you may also waive any right to

appeal questions of fact.

II.     **Background**

Chris Beaty, formerly an inmate at the Saline County Detention Center

("Detention Center"), filed this civil rights lawsuit without the help of a lawyer. (Docket

entry #2) Mr. Beaty complains that Defendant Limandri was deliberately indifferent to

his mental health needs.

Defendant Limandri has now moved for summary judgment. (#25) Mr. Beaty has not responded to the motion, and the time for doing so has passed. (#28)

## III.  Discussion

### A.  Standard

In a summary judgment, the Court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in a light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute about any fact important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

### B.  Undisputed Factual Background

On September 15, 2016, Mr. Beaty was booked into the Detention Center. (#25-1 at p.36) The next day, nurse Angie Fain (not a party to this lawsuit), noted that Mr. Beaty had both hydroxyzine and lithium when he arrived at the Detention Center. (*Id.* at p.1) Nurse Fain noted that neither medication was approved for use at the Detention Center. (*Id.*) Hydroxyzine is a narcotic and is not permitted on the jail formulary; and Mr. Beaty's lithium prescription was to be discontinued two weeks after August 30, 2016. (*Id.*)

On September 18, Mr. Beaty submitted a medical request form asking to have his medications switched. (*Id.* at p.3) Defendant Limandri responded that the request was "noted." (*Id.*) On September 24, Mr. Beaty again submitted a medical-request form regarding his medication. (*Id.* at p.4) Defendant Limandri responded that she had been

2

authorized to "reorder the Lithium." (*Id*.) The following day, Defendant Limandri noted that she had discussed this issue with Mr. Beaty and he had stated that he did not want to pay for the lithium prescription. (*Id*. at p.5) Instead, Mr. Beaty wanted his family to bring lithium, as well as Latuda (another medication) to him at the Detention Center. (*Id*.) On September 26, Defendant Limandri noted that she had spoken with the jail sergeant and that he had approved a "free phone" for Mr. Beaty so that he could contact his family about his medication. (*Id*.)

On September 28, Mr. Beaty submitted another medical-request form inquiring about his medication. (*Id*. at p.6) On September 30, nurse Fain responded to Mr. Beaty and explained that she had spoken with Mr. Beaty the day before about arrangements for his family to bring medication to him. (*Id*.)

On October 3, during sick call, Defendant Limandri noted that Mr. Beaty stated that he did not have anyone to bring him medication. (*Id*. at p.7) Defendant Limandri told Mr. Beaty that she could get an order for Lithium, but that he would need to see a medical provider to receive Latuda or another similar medication. (*Id*.) On the same date, Defendant Limandri charted an order from the medical provider for Lithium for Mr. Beaty. (*Id*. at p.8) Mr. Beaty's medical records indicate that he was consistently provided Lithium until he was released from the Detention Center. (*Id*. at p.34)

On October 25, nurse Fain saw Mr. Beaty based on his complaints of "ongoing diagnosis of [mental health] disease." (*Id*. at p.12) Nurse Fain noted that Mr. Beaty was taking Lithium twice each day, and referred him to "community counseling for eval." (*Id*.)

On October 30, Mr. Beaty submitted a medical-request form complaining about the voices in his head and his need for "something for my sleep at night." (*Id*. at p.13) Defendant Limandri responded that Mr. Beaty would be seen by the medical provider at the next clinic visit and that "[w]e may be able to change your meds without a consult." (*Id*.)

On November 1, Mr. Beaty requested to change his medication. (*Id*. at p.15) Defendant Limandri responded that she was not permitted to order Latuda because of the cost, and that the medication had not been approved by the medical provider. (*Id*.) She inquired as to whether Mr. Beaty had anyone who could bring that medication to him. (*Id*.)

On the same date, Mr. Beaty was evaluated by personnel at the Counseling Clinic, who determined that "Mr. Beaty would benefit from being in compliance with prescribed meds and [outpatient] counseling." (*Id*. at p.17) The next day, Mr. Beaty filed a medical-request form asking about outpatient counseling. (*Id*. at p.18) Defendant Limandri responded that she would "speak with the lady who came to see you the other day." (*Id*.)

On November 4, Defendant Limandri noted that she discussed the findings of the Counseling Clinic with Mr. Beaty and told him that he would have to see the medical provider in order to receive additional medication. (*Id*. at p.20)

On November 6, Mr. Beaty filed another medical-request form requesting a refill of his prescription. (*Id*. at p.23) Defendant Limandri responded that the Detention Center's medical department could not order a refill for his medication, but that she would speak to the medical provider about an alternative for Latuda. (*Id*.) The next day,

Defendant Limandri noted that the medical provider had sent an order for Ziprasidone, another medication for bipolar disorder, for Mr. Beaty. (*Id*. at pp.24-25) On November 9, Mr. Beaty began receiving Ziprasidone.

During the following two weeks. Mr. Beaty continued to complain about his medication. (*Id*. at pp.27-30) Defendant Limandri responded that the medical provider did not want to increase the medication until the Ziprasidone began working. (*Id*. at p.29) During this time period, Defendant Limandri also scheduled Mr. Beaty to be evaluated by the medical provider. (*Id*. at p.28)

On November 29, APN Paul Stage evaluated Mr. Beaty and ordered that his dosage be increased. (*Id*. at p.31) Defendant Limandri noted the order on the same day. (*Id*.) The only other complaint Mr. Beaty made about his need for mental health treatment or medication was on January 2, 2017. (*Id*. at p.33) On January 13, 2017, Mr. Beaty was released from the Detention Center. (*Id*. at p.36)

C.  Deliberate Indifference

Deliberate indifference to a prisoner's serious medical needs is prohibited under the United States Constitution.[1] *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prove deliberate indifference, Mr. Beaty

---

[1] Because Mr. Beaty was a pre-trial detainee at the time the events giving rise to this lawsuit occurred (#2 at p.3), his inadequate-medical-care claims are analyzed under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). This makes no practical difference because the same standard applies whether the inadequate-medical-care claim is brought under the Fourteenth or Eighth Amendment. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

must show that he suffered from an objectively serious medical need and that Defendant Limandri knew of the need, yet deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). In this context, a "serious medical need" is a condition or illness that has been diagnosed by a doctor as requiring treatment, or a need so apparent that a lay person would easily recognize the need for a doctor's attention. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Here, there is no question that Mr. Beaty suffered serious mental health problems. The question is whether Defendant Limandri had a sufficiently culpable state of mind.

Defendant Limandri is liable only if she "actually knew of but deliberately disregarded" Mr. Beaty's serious medical needs. *Id.* This showing requires a mental state "akin to criminal recklessness." *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Beaty must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Stated another way, to prevail on this claim, Mr. Beaty must show that Defendant Limandri's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

Based on the undisputed evidence presented, no reasonable fact-finder would conclude that Defendant Limandri acted with deliberate indifference to Mr. Beaty's mental health needs. Rather, Mr. Beaty's records show that Defendant Limandri consistently responded to Mr. Beaty's medical-request forms and attempted to assist him in receiving mental health medication and treatment. Defendant Limandri spoke to Mr.

Beaty about having his family bring him medication and obtained a "free phone call" for Mr. Beaty to contact his family. When Mr. Beaty told Defendant Limandri that he did not have any family members who could bring him medication, she promptly obtained an order for Lithium. When Mr. Beaty complained about his need for additional medication, Defendant Limandri explained the process to him and eventually called the provider to obtain an order for a Latuda substitute. Defendant Limandri even scheduled a counseling evaluation for Mr. Beaty and arranged an appointment with the medical provider so that Mr. Beaty's dosage could be increased.

Mr. Beaty has not come forward with any evidence that even suggests that Defendant Limandri was negligent in responding to his requests for medication or medical treatment, much less that she was deliberately indifferent to his needs. Because the facts are not in dispute, Defendant Limandri is entitled to judgment as a matter of law on Mr. Beaty's claims against her.

## IV.   Conclusion

The Court recommends that Defendant Limandri's motion for summary judgment (#25) be GRANTED. Mr. Beaty's claims should be dismissed, with prejudice.

Dated this 6th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE